# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| STANLEY A. JAMES, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-502-DCLC-DCP |
| | ) | |
| GRADY PERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Stanley A. James, Jr., ("Petitioner"), an inmate proceeding pro se, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging the legality of his confinement under a Tennessee judgment of conviction for second-degree murder. Having considered the submissions of the parties, the State-court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

## I. SUMMARY OF EVIDENCE & PROCEDURAL HISTORY

Henry James ("James")[1] was shot and killed on August 4, 2009 [*See, e.g.*, Doc. 9-1 p. 52]. A witness to the shooting, Nyron Roberts, testified that he and the victim had recently been released from jail on drug charges [Doc. 9-2 p. 40, 42-43]. On the evening of the shooting, Roberts, James, and another individual named Jonathan Jones were together inside of a friend's apartment when Petitioner came to the door [*Id*. at 47-52]. Roberts testified that Petitioner and James spoke, and Petitioner accused James of having snitched on someone in order to be released from prison [*Id*. at 54-55]. Petitioner then shot James in the chest [*Id*. at 54-55, 57, 63]. Jones also testified at trial, and he stated that Petitioner had come to the apartment looking for drugs and had accused

---

[1] The victim is of no relation to Petitioner [*See* Doc. 9-2 p. 20].

James of being a snitch right before James was shot [Doc. 9-3 p. 92-94]. Both Roberts and Jones denied that the victim had a weapon on his person at the time of the shooting [Doc. 9-2 p. 55-56; Doc. 9-3 at 96-97].

Petitioner testified in his own defense and admitted to going to the apartment to buy drugs from James on the night in question [Doc. 9-6 p. 91-92]. Petitioner stated that James came to the door with a gun in his waistband, and that he handed James $500 to purchase marijuana [*Id*. at 93-95]. Petitioner claimed that after James took the money, he instructed Petitioner to return in an hour [*Id*. at 95]. An argument erupted [*Id*. at 95-98]. Petitioner testified that he saw James "goin[g] for his gun," and that he took his own gun out of his pocket and shot twice, striking James once in the chest [*Id*. at 98-99].

On January 27, 2011, a Knox County Criminal Court jury convicted Petitioner of one count of second-degree murder, and he was sentenced to 25 years in prison [Doc. 9-1 p. 61; *see also* Doc. 9-8 p. 71]. His conviction and sentence were affirmed on appeal. *State v. James*, No. E2012-01912-CCA-R3-CD, 2013 WL 4680205 (Tenn. Crim. App. Aug. 29, 2013), *perm. app. denied* (Tenn. Dec. 11, 2013). Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on December 11, 2013 [Doc. 9-17].

On September 25, 2013, Petitioner filed a pro se petition for post-conviction relief that was later amended when counsel was appointed to assist him in those proceedings [Doc. 9-18 p. 4-16, 34-37]. Following an evidentiary hearing, the post-conviction court denied relief [*Id*. at 45-47]. Petitioner appealed, and the Tennessee Court of Criminal Appeals ("TCCA") affirmed on July 26, 2017. *James v. State*, E2016-01909-CCA-R3-PC, 2017 WL 3174068 (Tenn. Crim. App. July 26, 2017). Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court from that decision.

2

Thereafter, Petitioner filed the instant petition for writ of habeas corpus on or about November 20, 2017, alleging the following ground for relief:

    I.    Trial counsel rendered ineffective assistance where he pursued the defense of "self-defense[,]" which was precluded by the facts of the offense.

[Doc. 2 p. 6; Doc. 3 p. 8-10]. The Court ordered Respondent to answer or otherwise respond to the petition, and Respondent complied by filing an answer on July 20, 2018 [Doc. 11]. This matter is now ripe for review.

## II. LEGAL STANDARD

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in a State court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal habeas relief may be granted under the "contrary to" clause where the State court (1) arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal court may grant relief where the State court applies the correct legal principle to the facts in an unreasonable manner. *See id.* at 407-08; *Brown v. Payton*, 544 U.S. 133, 141 (2005). Whether a decision is "unreasonable" is an objective inquiry; it does not turn on whether the decision is merely incorrect. *See Schriro*, 550 U.S. at 473 ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable − a substantially higher threshold."); *Williams*, 529 U.S. at 410-

11. This standard will allow relief on a federal claim decided on its merits in State court only where the petitioner demonstrates that the State ruling "was so lacking in justification that there was an error understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). When evaluating the evidence presented in State court, a federal habeas court presumes the correctness of the State-court's factual findings unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Petitioner's sole claim of ineffective assistance of counsel is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas petitioner to satisfy a two-prong test to warrant federal habeas corpus relief: (1) he must demonstrate constitutionally deficient performance, and (2) he must demonstrate actual prejudice as a result of such ineffective assistance. *Strickland*, 466 U.S. 668 (1984). Deficiency is established when a petitioner can demonstrate that counsel's performance falls below an objective standard of reasonableness as measured by professional norms, such that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. at 687-88. A reviewing court's scrutiny is to be highly deferential of counsel's performance, with an effort to "eliminate the distorting effects of hindsight." *Id*. at 689. In fact, counsel is to be afforded a presumption that his actions were the product of "sound trial strategy" and undertaken with the exercise of reasonable professional judgment. *Id*.

Prejudice is established when the petitioner can demonstrate to a reasonable probability that the result of the proceedings would have been different but for the challenged conduct, thereby undermining confidence in the reliability of the outcome. *Id.* at 694. However, an error, even if professionally unreasonable, does not warrant setting aside the judgment if it had no effect on the judgment. *Id.* at 691.

4

On habeas review, the issue for the district court is not whether the *Strickland* standard is met, but rather, whether the State-court's decision that *Strickland* was not met warrants relief under AEDPA standards. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("When 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). Accordingly, when a *Strickland* claim has been rejected on its merits by a State court, a petitioner "must demonstrate that it was necessarily unreasonable" for the State court to rule as it did in order to obtain federal habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

### III. DISCUSSION

Petitioner claims that his trial counsel rendered constitutionally deficient assistance when he argued that Petitioner acted in self-defense, as he was precluded as a matter of law from succeeding on such a defense where (1) Petitioner was engaged in illegal activity at the time of the shooting, and (2) there was no evidence that Petitioner retreated prior to the shooting [Doc. 3 p. 9-11]. Instead, he maintains, counsel should have presented a defense of voluntary manslaughter, which fit the facts of his case [*Id.*].

At his post-conviction hearing, Petitioner testified that attorney Bruce Poston was appointed to represent him in this case [Doc. 9-19 p. 17-18]. Petitioner testified that he believed counsel would pursue a theory of manslaughter due to Petitioner's ineligibility to argue self-defense, as he was engaged in an illegal activity at the time of the offense [*Id.* at 18-20]. On cross-examination, Petitioner acknowledged that, had he been convicted of first-degree murder as charged, he would have served a sentence of 51 years to be served at 100 percent [*Id.* at 30-31].

Petitioner's attorney, Bruce Poston, was deceased by the time of Petitioner's post-conviction proceedings, so trial counsel's investigator, Gary Lamb testified regarding trial preparations [*Id.* at 54-56]. Lamb testified that Poston opted to pursue a self-defense argument,

5

despite the fact that he knew there were some issues with the defense [*Id*. at 62]. Following the hearing, the post-conviction court entered an order denying relief [Doc. 9-18 p. 45-47]. Petitioner's federal claim was raised and rejected on post-conviction appeal, where the TCCA found:

> The Petitioner also testified that trial counsel changed the theory of defense in the middle of trial. The Petitioner stated that he felt manipulated by trial counsel and that he did not agree to a self-defense argument. Appellate counsel testified that, even though the Petitioner was engaged in unlawful activity at the time of the shooting and that he was unaware of any evidence that showed the Petitioner retreated prior to the shooting, a self-defense argument was not incompatible with the facts of the case. Mr. Lamb testified that trial counsel considered the self-defense theory in preparation of trial and ultimately decided to pursue that theory, even though trial counsel was aware of the possible issues with the defense.
>
> The post-conviction court implicitly credited Mr. Lamb's testimony that trial counsel chose to pursue a self-defense theory over the Petitioner's testimony that trial counsel changed the theory of defense in the middle of trial by concluding that "the [P]etitioner failed to show his trial counsel provided ineffective assistance of counsel and has failed to establish prejudice resulting therefrom." In doing so, the post-conviction court implicitly determined that trial counsel chose to pursue a theory of self-defense prior to trial and that decision was reasonable and did not fall below the minimal required competency for a trial attorney. Even though trial counsel's chosen strategy might fail, such failure does not, without more, establish a deficiency. *Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011) (citing *Goad*, 938 S.W.2d at 369). The Petitioner has failed to establish that trial counsel's decision to pursue a self-defense strategy was deficient. Because the Petitioner has failed to establish any deficiency in trial counsel's performance as it relates to his decision to pursue a theory of self-defense, we need not address whether the Petitioner suffered any prejudice as a result of trial counsel's failure to argue for a voluntary manslaughter conviction. *See Finch*, 226 S.W.3d at 316. He is not entitled to relief on this ground.

*James*, 2017 WL 3174068, at *14.

As a preliminary matter, the Court notes that the basis of Petitioner's claim that counsel rendered ineffective assistance is based on a misapprehension of applicable law. Under Tennessee law, an individual engaged in unlawful activity is not entirely precluded from a use of force in self-defense, but rather, he or she must satisfy a duty to retreat before the use of force is justified.

6

*See* Tenn. Code Ann. § 39-11-611(b)[2]. The Tennessee Supreme Court recently held that "the phrase 'not engaged in unlawful activity' is a condition on a person's statutory privilege not to retreat." *State v. Perrier*, 536 S.W.3d 388, 401 (Tenn. 2017). "[A] duty to retreat does not mean that a person cannot defend herself or himself." *Id*. at 404. Instead, a defendant engaged in unlawful activity "'must have employed all means in his power, consistent with his own safety, to avoid danger and avert the necessity of'" using force. *Id.* Thus, contrary to James's argument, he was not precluded from arguing self-defense as his counsel attempted to do at his trial. He, in fact, testified at the trial as to why he shot James and what actions he took in light of what he perceived as James reaching for a firearm.

Moreover, the TCCA credited the post-conviction court's credibility findings, to which this Court must defer absent "powerful" evidence to the contrary. *Miller-El v. Dretke*, 545 U.S. 231, 265 (2005); *see also Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003) (holding "[d]eference is necessary because a reviewing court, which analyzes only the transcripts[,] . . . is not as well positioned as the trial court to make credibility determinations"). The record supports a determination that counsel made a strategic decision to argue self-defense after investigating the facts and circumstances of the case. *Strickland*, 466 U.S. at 690 (finding "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

Finally, the Court notes that Petitioner's jury was instructed on "the full chronology of homicides from first[-]degree [murder] through criminally negligent homicide" [Doc. 9-19, p. 32]. While Petitioner was ultimately convicted of second-degree murder, trial counsel successfully

---

[2] T.C.A. § 39-11-611(b)(1) provides that "a person who is not engaged in unlawful activity and is in a place where the person has a right to be has no duty to retreat before threatening or using force against another person when and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force."

7

defended Petitioner against a charge of first-degree murder, which would have resulted in a life sentence. Therefore, even if Petitioner could establish that counsel performed deficiently in arguing self-defense, he has not demonstrated how the result of the proceeding would have been different absent that theory. Accordingly, Petitioner has not demonstrated that the decision rejecting this claim was contrary to, or that it involved an unreasonable application of, *Strickland* and its progeny, nor has he demonstrated that the decision was based on an unreasonable determination of facts in light of the evidence presented. Habeas relief is not warranted.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

### V. CONCLUSION

Petitioner has failed to demonstrate an entitlement to federal habeas relief. Therefore, his petition for a writ of habeas corpus will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker<br>United States District Judge