UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| STANLEY A. JAMES, JR., | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-502-DCLC-DCP |
| | ) | |
| GRADY PERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Petitioner Stanley James' motion for a writ of error *coram nobis* [Doc. 18]. For the reasons stated herein, Petitioner's motion is DENIED.

**I.  BACKGROUND**

In November 2017, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging the legality of his confinement under a 2011 Tennessee judgment for second-degree murder [Doc. 2]. In the petition, Petitioner raised ineffective assistance of counsel as his sole ground for relief [Doc. 2 p. 6; Doc. 3 p. 8-10]. Specifically, Petitioner claimed that counsel rendered ineffective assistance in pursuing a theory of self-defense, despite facts of the case that precluded the defense [*Id*.]. On October 7, 2019, this Court found that Petitioner's claim failed to warrant federal habeas relief under § 2254 and denied a certificate of appealability from that decision [Docs. 16 and 17].

On January 17, 2020, Petitioner filed the instant motion alleging that "the issues brought forth within this writ are issues that new light has been brought forth to prove this court erred in its decision to deny the petitioners [sic] Writ of Habeas Corpus" [Doc. 18 p. 1]. Specifically, Petitioner argues that (1) there was racial discrimination in the jury selection process [*Id.* at 2], (2)

the prosecutor knowingly used witnesses who offered perjured testimony [*Id*. at 3], and (3) trial counsel rendered ineffective assistance when he failed to properly investigate the prosecution's witnesses and challenge detectives at trial [*Id*. at 4]. Petitioner argues that the writ of error *coram nobis* is the proper vehicle for his allegations "[s]ince the information now being brought before the [C]ourt was not known at the time of [the Court]'s decision" [*Id*. at 2].

## II. DISCUSSION

### A. *Coram Nobis* Relief

The All Writs Act, 28 U.S.C. § 1651, authorizes federal *coram nobis* relief, an extraordinary postconviction remedy for those convicted in a federal district court or a federal military tribunal. *Federal Postconviction Remedies and Relief Handbook* § 2:20 (Donald E. Wilkes, Jr.). The writ is available only in the court which rendered the challenged judgment — it may not be used in federal court to challenge a state-court conviction. *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2nd Cir. 2008) (holding a federal district court has no jurisdiction to issue writs of error *coram nobis* to set aside a state court judgment); *United States v. Watkins-El*, 37 F. App'x 716, 717 (6th Cir. 2002) (affirming the denial of *coram nobis* petition and noting that the writ could not be used to attack the defendant's state conviction). Here, Petitioner seeks to use the writ as a vehicle to seek reversal of his State-court judgment. Therefore, Petitioner's motion for a writ of error *coram nobis* is not available to Petitioner in these proceedings, and his motion is **DENIED**.

### B. Other Relief

Because Petitioner asks the Court to vacate its judgment and grant the federal writ of habeas corpus, the Court otherwise considers whether Petitioner is entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir.

2003) (noting "the longstanding practice of courts to classify pro se pleadings from prisoners according to their contents, without regard to their captions").

Rule 60(b) of the Federal Rules of Civil Procedure provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted). The instant motion does not challenge any aspect of this Court's previous judgment. Accordingly, to the extent Petitioner's motion is construed as one seeking Rule 60(b) relief, the motion is **DENIED**.

The Court otherwise notes that in the instant motion, Petitioner seeks to raise new habeas claims not presented in his original habeas petition. As such, his motion is a disguised second or successive application for federal habeas relief. *See Gonzalez v. Crosby*, 545 U.S. at 531-32

3

(finding petitioner making a habeas claim when he seeks to add new ground for relief or "new evidence in support of a claim already litigated" that requires him to meet requirements for filing successive petition). Petitioner is **ADVISED** that in order to pursue the claims presented in the instant motion, he must first obtain leave from the Sixth Circuit to proceed in this Court on a successive petition. *See* 28 U.S.C. § 2244(b)(3); *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

## III. CONCLUSION

For the reasons set forth above, Petitioner's motion for a writ of error *coram nobis*, or alternatively, for relief under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 18] is **DENIED**. A certificate of appealability ("COA) is **DENIED** as to the Court's Rule 60(b) ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding COA should issue only where reasonable jurists would find it "debatable whether the petition states a valid claim for the denial of a constitutional right" and would "find it debatable whether the district court was correct in its procedural ruling"); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007) (requiring COA to appeal denial of Rule 60(b) motion).

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker  
United States District Judge